IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MICHAEL DAVIS aka<br>WALI MALIK DAWUD,<br><br>             Plaintiff,<br><br>          VS.<br><br>Dr. AYERS,<br>Nurse MONTGOMERY,<br>P. A. EDWARD,<br>JANE DOE NURSE 1, and<br>JANE DOE NURSE 2,<br><br><br>             Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:   NO. 1:12-CV-61 (WLS)<br>:<br>:   **ORDER & RECOMMENDATION** |

      Plaintiff **MICHAEL DAVIS aka WALI MALIK DAWUD**, an inmate at the Columbus Transitional Center in Columbus, Georgia, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983.

      Plaintiff has paid the $350.00 filing fee.

*I. STANDARD OF REVIEW*

      Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." The statutory language clearly authorizes screening even if the prisoner has paid the full filing fee. ***Thompson v. Hicks***, 213 F. App'x 939, 942 (11th Cir. 2007); ***Carr v. Dvorin***, 171 F.3d 115, 116 (2d Cir 1999); ***Martin v. Scott***, 156 F.3d 578, 580 (5th Cir. 1998).

Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." ***Carroll v. Gross***, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); ***see also Ashcroft v. Iqbal***, 129 S. Ct. 1937, 1949 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. ***Brown v. Johnson***, 387 F.3d 1344, 1347 (11th Cir. 2004).  Moreover, "*[p]ro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." ***Tannenbaum v. United States***, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under § 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of

the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a § 1983 complaint because the plaintiff's factual allegations were insufficient to support the alleged constitutional violation). *See also* 28 U.S.C. 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in § 1915A "shall" be dismissed on preliminary review).

## II. STATEMENT AND ANALYSIS OF CLAIMS

Plaintiff explains that on April 20, 2010 he was incarcerated at Calhoun State Prison and he broke his jaw while playing softball. Plaintiff states that another inmate ran into him and his fellow inmate's head crashed into his jaw. According to Plaintiff, he was knocked unconscious and when he regained consciousness, he was escorted to the nursing clinic. Nurse Montgomery, along with Nurses Jane Does 1 and 2, informed him that his "'jaw can't be broke because [he] still can talk'." (ECF No. 1 at 4). Plaintiff alleges that the three nurses refused to treat or examine Plaintiff's injuries. Plaintiff alleges that P.A. Edward entered the nursing clinic and saw that Plaintiff was bleeding profusely and complaining of pain, yet he did not examine Plaintiff or seek to assist him in any manner.

Plaintiff states that had any of the Nurses or P.A. Edward examined his mouth/jaw, they would have seen that four of his bottom teeth had been loosened and that he had a "one (1) inch

gash" in his mouth. (ECF No. 1 at 6). According to Plaintiff, this "gash" subsequently became infected due to the lack of treatment received.

Plaintiff alleges that he completed four sick call requests between April 20, 2010 and April 26, 2010, when he was allowed to go to the sick-call clinic on April 26, 2010 and see Dr. Ayers. Plaintiff states that by this time, his jaw was severely swollen and his mouth was infected. The complaint shows that Dr. Ayers "treated Plaintiff with a[n] antibiotic and a mild narcotic drug which did not stop the continuous excruciating pain[,] swelling and infection." (ECF No. 1 at 8). Plaintiff states that he was unable to eat solid foods and this caused him to lose fifteen pounds. Therefore, Dr. Ayers also prescribed a supplemental diet of Ensure.

According to Plaintiff, Dr. Ayers ordered an x-ray on April 28, 2010 and informed him on April 29, 2010 that the x-ray showed a "slight fracture of the right jaw." (ECF No. 1 at 9). Plaintiff claims that this was a mis-diagnosis because when he was transferred to Augusta State Medical Prison on May 4, 2010 "further x-rays revealed that both of Plaintiff's jaws (left and right . . . ) were broken. (ECF No. 1 at 9).

Plaintiff also alleges that Dr. Ayers "sought to coerce" him into dropping a grievance that he had filed. Specifically, Plaintiff states that Dr. Ayers "offer[ed] to take 'special care' of Plaintiff" if he dropped the grievance. (ECF No. 1 at 9).

Plaintiff seeks damages.

To the extent that Plaintiff seeks to hold Dr. Ayers responsible for the actions (or inactions)

of his employees,[1] it is well settled that supervisory officials are not liable under § 1983 solely on the basis of respondeat superior or vicarious liability. *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990). Instead, there must be an affirmative link between a defendant's actions and the alleged constitutional deprivation. *Gilmere v. City of Atlanta*, 774 F.2d 1495, 1504 (11th Cir. 1985). A plaintiff must show one of the following: (1) that the supervisor personally participated in the unconstitutional conduct; (2) that a history of widespread abuse put the supervisor on notice of the need to correct the alleged deprivation, and the supervisor failed to do so; (3) that the supervisor's custom or policy resulted in deliberate indifference to the plaintiff's constitutional rights; or (4) that the facts support an inference that the supervisor instructed his subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them. *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). In this case, Plaintiff has not made such a showing.

Additionally, to any extent that Plaintiff is trying to make a claim that Dr. Ayers "coerced" or attempted to bribe him into dropping his grievance, he simply has not stated a claim. Such action does not rise to the level of a constitutional violation.

Therefore, it is **RECOMMENDED** that (1) Plaintiff's claim that Dr. Ayers is liable due to his failure to train and supervise the nurses and physician's assistant and (2) Plaintiff's claim that Dr. Ayers attempted to "coerce" him into dropping a grievance be **DISMISSED** from this action.

---

[1] Construing Plaintiff's complaint liberally, he also alleges that Dr. Ayers mis-diagnosed and, as a result, failed to provide care for his broken jaw.

5

Under 28 U.S.C. § 636(b)(1), Plaintiff may serve and file written objections to this recommendation with the District Judge to whom this case is assigned within fourteen (14) days after being served with a copy of this Order and Recommendation.

Plaintiff's claims for deliberate indifference to his serious medical needs in violation of the Eighth Amendment should go forward against all of the named Defendants.

Accordingly, it is HEREBY ORDERED AND DIRECTED that service be made as provided by law upon the Defendants; that a WAIVER OF REPLY, an ANSWER or such other response as may be appropriate under Rule 12 of the **FEDERAL RULES OF CIVIL PROCEDURE**, 28 U.S.C. §1915, and the *Prison Litigation Reform Act* be filed herein by said Defendants as required and permitted by law.

Because Plaintiff has paid the full filing fee and is not proceeding *in forma pauperis*, it is his responsibility to serve the Complaint on the Defendants. The Clerk of Court is **DIRECTED** to mail to Plaintiff a Rule 4 packet so that he may make service on Defendants. Plaintiff is advised that he has 120 days from the filing of his Complaint to perfect service on the Defendants. Fed. R. Civ. P. 4(m). The Court notes that Plaintiff has named two Jane Doe Defendants. Plaintiff will need to identify and properly serve these named Defendants within the time required by Fed. R. Civ. P. 4(m) or risk having them dismissed from the action.

**Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).**

### **DUTY TO ADVISE OF ADDRESS CHANGE**

During the pendency of this action, all parties shall at all times keep the clerk of this court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of any change of address may result in the dismissal of a party's pleadings filed herein.

### **DUTY TO PROSECUTE ACTION**

Plaintiff is advised that he must diligently prosecute his complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendants are advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

### **FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE**

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a <u>certificate of service</u> indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished (i.e., by U.S. Mail, by personal service, etc.).

### **DISCOVERY**

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendants from whom discovery is sought by the Plaintiff. The Defendants shall

not commence discovery until such time as an answer or dispositive motion has been filed.  Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the FEDERAL RULES OF CIVIL PROCEDURE.  The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian.  **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the Defendants and granted by the court.  This 90-day period shall run separately as to each Plaintiff and each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).  The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.  No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party.  The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery:   except with written permission of the court first obtained, **INTERROGATORIES** may not exceed TWENTY-FIVE (25) to each party, **REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** under Rule 34 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed TEN (10) requests to each party, and **REQUESTS FOR ADMISSIONS** under Rule 36 of the FEDERAL RULES OF CIVIL PROCEDURE may not exceed FIFTEEN (15) requests

to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered by the court absent the filing of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the court.

**SO ORDERED and RECOMMENDED**, this 1st day of June, 2012.

*s/THOMAS Q. LANGSTAFF*
UNITED STATES MAGISTRATE JUDGE

lnb