IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| MICHAEL DAVIS, | : |
| Plaintiff, | : |
| v. | : Case No. 1:12-cv-61 (WLS) |
| DR. AYERS, *et al*, | : |
| Defendants. | : |

## ORDER

Before the Court is a Recommendation from U.S. Magistrate Judge Thomas Q. Langstaff, filed December 10, 2012. (Doc. 22.) The magistrate judge recommends the Court grant in part and deny in part Defendants' Motion to Dismiss for failure to exhaust administrative remedies and failure to state a claim. There are essentially two parts to the Recommendation.

First, the magistrate judge recommends the Court deny Defendants' Motion to Dismiss for failure to exhaust administrative remedies. (*Id.* at 6.) In their motion, Defendants argued Plaintiff failed to exhaust his administrative remedies because he "filed a grievance appeal that did not utilize the grievance appeal form." (Doc. 15-1 at 10.) There is no dispute Plaintiff raised his claims in an informal grievance, a formal grievance, and a grievance appeal. (Doc. 23 at 6.) But because Plaintiff attached a separate piece of paper to his appeal form, rather than writing in the space provided, Defendants maintain his entire complaint should be dismissed. (*Id.*) The magistrate judge denied Defendants' motion because nothing in the Standard Operating Procedures ("SOP") manual required "the formal grievance or appeal be written only in the space provided." (Doc. 22 at 5.)

1

Second, the magistrate judge recommends the Court dismiss Defendant Ayers because the complaint alleges only that Ayers misdiagnosed Plaintiff's injury, which does not amount to a deliberate indifference. (*Id.* at 9.) On the other hand, the magistrate judge recommends denying the Motion to Dismiss as to certain claims involving Defendants Edwards and Montgomery because the complaint contains sufficient factual allegations to survive a motion to dismiss. (*Id.* at 14.)

The Recommendation provided the Parties with fourteen (14) days[1] from the date of its service to file written objections to the recommendations therein. (*Id.* at 15.) The period for filing objections expired on Thursday, December 27, 2012. Defendants timely filed an objection on December 26, 2012. The Court addresses the objections in turn.

I.   **Failure to Exhaust Administrative Remedies**

Defendants argue the magistrate judge erred by not recommending that the Court dismiss the complaint for failure to exhaust administrative remedies. They claim exhaustion requires inmates to comply with grievance procedures, and "the Grievance SOP expressly requires an inmate to 'fill out and sign' both the formal grievance form and also the grievance appeal form." (Doc. 23 at 7.)

There is no question the Supreme Court has held that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). The Court can also assume, for argument's sake, that the PLRA requires perfect compliance with every technical nicety in the grievance SOP. *But see Goebert v. Lee Cnty.*, 510 F.3d 1312, 1325 (11th Cir. 2007) ("We need not decide, as some of our sister circuits have, how much less than perfect compliance with administrative remedies is enough to

---

[1] The Parties were given an additional three days because service was made by mail. *See* Fed. R. Civ. P. 6(d) (adding three days to specified period within which a party may act if service is made under Rule 5(b)(2)(C) by mailing process to a party's last known address).

2

constitute exhaustion for purposes of § 1997e(a) . . . ."). But it is quite another thing to stretch the SOP's language to forever close the courthouse doors.

In support of this result, however, Defendants point to subsection VID3, which requires inmates "fill out and sign the Grievance Appeal Form." (Doc. 15-2 at 15.) What Defendants fail to notice is Plaintiff *did*, in a strict sense, fill out and sign the Grievance Appeal Form. In the blank spaces, he wrote his name, ID number, grievance number, and signed and dated the form. (*Id.* at 32.) He wrote, "See Attachment," in the space provided for the basis of the appeal. (*Id.*) At core, Defendants' actual objection is that Plaintiff attached a single sheet of paper to the appeal form. (*See* Doc. 23 at 7 ("Notably, in this case, Plaintiff attached just one page to his grievance appeal form. But in other cases an inmate might attach multiple pages . . . .").) But the SOP is silent about whether an inmate may attach additional pages. This silence is striking because the SOP clearly stated under the informal-grievance guidelines that "[t]he complaint and requested relief shall be stated in writing in the space provided on the Informal Guidance Form." (Doc. 15-2 at 12.) And to further confuse matters, the formal-grievance guidelines explicitly permit an additional page. (*Id.* at 13.) If the Department of Corrections wants to reduce its paperwork, it is free to reduce the SOP's ambiguity.

Accordingly, Defendants' Objection regarding lack of exhaustion is **OVERRULED**.

### II.   Failure to State a Claim:

The magistrate judge recommends the Court deny the motion to dismiss as to Plaintiff's claims of deliberate indifference to a serious medical need against Defendants Montgomery and Edwards. (Doc. 22 at 15.) Defendants claim this recommendation was in error. Specifically, Defendants contend physician assistant Edwards was not attending Plaintiff; the mere fact that he observed Plaintiff's injury is not enough to hold that he personally participated in the alleged violation. Additionally, Defendants claim there are no facts supporting supervisor liability.

Defendants contend also that Defendant Nurse Montgomery should be dismissed because the complaint merely alleges Plaintiff received inadequate medical care, which does not amount to deliberate indifference.

The Court finds that this objection should also be overruled. The primary problem with Defendants' objection is that it holds Plaintiff to too high a standard. Plaintiff's complaint need only contain enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And because Plaintiff is *pro se*, the Court construes his allegations liberally. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990) (citation omitted). Read that way, Plaintiff's complaint contains more than enough facts to survive a motion to dismiss. One could even say his complaint is rife with detail. It alleges he was bleeding profusely, that Defendants Montgomery and Edwards saw it, that he couldn't speak without spitting out blood. Despite the copious amounts of blood, Defendants did not perform a medical exam "because your jaw can't be broke [sic] because you can still talk." (Doc. 1 at 4.) Of course, one could read this, as Defendants do, as a disagreement about medical treatment. One could also read it as a blithe, pretextual response.  But Courts do not construe facts in a Defendant's favor on a motion to dismiss. Instead, the Court draws reasonable inferences in favor of Plaintiff. *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010). And what matters is, the allegations about the circumstances of the accident, Plaintiff's protestations, the appearance of pain and injury, and the fact that Defendants turned him away repeatedly without any examination, all support a reasonable inference Defendants knew of a serious medical need and ignored it with more than mere negligence. Nothing more is required.

Finally, the Court does not find persuasive Defendants' argument that Edwards did not personally participate in the violation because he was not the attendant professional. (*See* Doc. 23 at 10.) It is well settled that deliberate indifference reaches nonfeasance as well as

4

malfeasance. *Adams v. Poag*, 61 F.3d 1537, 1543–44 (11th Cir. 1995). "A core principle of Eighth Amendment jurisprudence in the area of medical care is that prison officials with knowledge of the need for care may not, by failing to provide care, delaying care, or providing grossly inadequate care, cause a prisoner to needlessly suffer the pain resulting from his or her illness." *Benson v. Gordon Cnty.*, 479 F. App'x 315, 319 (11th Cir. 2012) (quoting *McElligott v. Foley*, 182 F.3d 1248, 1257 (11th Cir. 1999)). Plaintiff's complaint alleges that Edwards was present when Plaintiff came in to request medical help. This is enough to state a claim.

The Court does, however, disagree with the magistrate judge in one respect. In the recommendation, the magistrate judge reasoned, "Defendant Montgomery's opinion that Plaintiff could not speak if his jaw was broken is, at most, a misdiagnosis or possibly negligence, and thus not actionable under § 1983." (Doc. 22 at 11.) The magistrate judge therefore recommended the Court grant the motion to dismiss as to "the claim of medical negligence against Defendant Montgomery." (*Id.* at 15.) On the other hand, the magistrate judge construed the complaint as alleging a claim of deliberate indifference against Defendant Montgomery apart from the broken-jaw comment for her alleged failure "to examine Plaintiff based on an observable risk of harm." (*Id.* at 11.) The Court finds these steps problematic for two reasons.

First, Defendant Montgomery's opinion that a person's jaw cannot be broken if he or she is capable of speaking is best viewed as part of Plaintiff's overarching deliberate-indifference claim. The Court does not view these as separate counts. This does not mean, as discussed *supra*, the complaint fails to state a claim. To the contrary, the complaint, viewed as a whole, states a claim of deliberate indifference to a serious medical need against Defendant Montgomery.

Second, the magistrate judge erred in recommending the "claim of medical negligence against Defendant Montgomery" be dismissed. Not only does the complaint state a deliberate indifference claim, but it appears that Plaintiff intended to also allege a state-law medical-

5

negligence claim. In his complaint, Plaintiff claimed Defendants Montgomery and Edwards were "grossly negligent." (Doc. 1 at 7, 15.) Furthermore, he requested that the Court "find that Defendants . . . liable [sic] to Plaintiff for violating his Eighth Amendment rights under the deliberate-indifference standard, and in violation of state laws." (Doc. 1 at 12.) Even though medical negligence is not cognizable under Section 1983, as the magistrate judge reasoned, Plaintiff can bring state-law claims through supplemental jurisdiction. *See McDowell v. Brown*, 392 F.3d 1283, 1294 (11th Cir. 2004). Defendants did not move to dismiss the medical negligence claims against any of the Defendants (*see* Doc. 15-1), so those claims must remain at this stage.

## CONCLUSION

Accordingly, Defendants' Objection (Doc. 23) is **OVERRULED**, and U.S. Magistrate Judge Thomas Q. Langstaff's December 10, 2012 Report and Recommendation (Doc. 22) is **ACCEPTED**, **ADOPTED**, and made the Order of this Court for reason of the findings made and reasons stated therein, together with the findings made, reasons stated, and conclusions reached herein, with one exception: The Court does not adopt Judge Langstaff's recommendation as to Plaintiff's claim of medical negligence against Defendants Ayers, Montgomery, and Edwards. Defendants' Motion to Dismiss is **GRANTED-in-part** and **DENIED-in-part**, as follows: All Section 1983 claims against Defendant Ayers are **DISMISSED**. The claim against Defendant Edwards for supervisor liability is also **DISMISSED**. Remaining in this case are deliberate indifference claims against Defendants Edwards and Montgomery and state-law medical negligence claims against all Defendants.

**SO ORDERED**, this   15th   day of February 2013.

/s/ W. Louis Sands
**THE HONORABLE W. LOUIS SANDS,
UNITED STATES DISTRICT COURT**