IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

WALI MALIK DAWUD, :
a/k/a, MICHAEL DAVIS, :
　　　　　　　　　　　　　　　　　　:
　　Plaintiff, :
　　　　　　　　　　　　　　　　　　:
v. : CASE NO.: 1:12-cv-61 (WLS)
　　　　　　　　　　　　　　　　　　:
DR. AYERS *et al*, :
　　　　　　　　　　　　　　　　　　:
　　Defendants. :
　　　　　　　　　　　　　　　　　　:

## ORDER

Before the Court is Defendants Dewayne Ayers, Larry Edwards, and Jamie Montgomery's Motion for Reconsideration, or in the Alternative for Dismissal or Judgment on the Pleadings on State Law Claims. (Doc. 25.) For the reasons that follow, Defendants' Motion is **GRANTED**.

## RELEVANT FACTUAL and PROCEDURAL BACKGROUND

This is a deliberate indifference and medical negligence case against Defendants Dewayne Ayers, Larry Edwards, and Jamie Montgomery ("Defendants") for their alleged failures to treat a jaw fracture Plaintiff Wali Malik Dawud ("Dawud") sustained during a softball game at Calhoun State Prison ("CSP"), where he was imprisoned. At the relevant times in this case, Ayers was a medical doctor, Edwards was a physician assistant, and Montgomery was a nurse at CSP.

Most recently, this case came before the Court on a magistrate judge's recommendation that the Court grant in part and deny in part Defendants' August 17, 2012 Motion to Dismiss. During the review of that Recommendation, the Court

1

identified state-law medical negligence claims against Defendants and held that those claims should proceed because Defendants had not moved to dismiss them.

Now Defendants ask the Court to reconsider that ruling or, in the alternative, to dismiss the state-law claims as barred by the Eleventh Amendment to the U.S. Constitution, the Georgia Constitution, and the Georgia Tort Claims Act. The Court noticed Dawud as to the pending motion and gave him additional time to prepare a response. The briefing has concluded, and the Court now turns to the motion's merits.

## **DISCUSSION**

The Court agrees with Defendants that Dawud's state-law claims must be dismissed. The doctrine of sovereign immunity precludes federal courts from entertaining suits brought by citizens against states for monetary damages. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984). This doctrine extends not only to the state itself, but also to officials, employees, and entities who act as "arms of the state." *Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977). A court may permit such a suit, however, when the state validly waives its sovereign immunity. *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999).

Although the Georgia Constitution preserves sovereign immunity for "the state and all of its departments and agencies," Ga. Const. art. I, sec. II, para. IX(e), it also grants the General Assembly the right to waive immunity by enacting a state tort claims act. *Id.* para IX(a). The Georgia Tort Claims Act (GTCA) reflects this grant of authority. *See* O.C.G.A. § 50-21-23. It provides a limited waiver of the state's sovereign immunity for injuries caused by state officers and employees acting within the scope of their official duties. *Id.* But the GTCA also explicitly reserves sovereign immunity for suits

2

brought in federal court. § 50-21-23(b) ("The state does not waive any immunity with respect to actions brought in the courts of the United States."); *Hicks v. Ga Dept. of Human Servs.*, No. 5:12-cv-210 (MTT), 2013 WL 1568052, at *3 (M.D. Ga. Apr. 12, 2013).

For that reason, claims against Defendants in their official capacities must be dismissed under the doctrine of sovereign immunity. The state has not waived its immunity for claims brought in federal court. And a suit against a state official in his or her official capacity is no different than a suit against the state itself. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 89 (1989). Contrary to Dawud's assertion, Defendants are employees of a state entity, the Georgia Correctional Healthcare, a division of the Georgia Regents University. (Doc. 31-1.)[1] As such, the Georgia Constitution and the GTCA protect the state from suit for monetary damages in federal court.

Additionally, Dawud cannot sue Defendants for state claims in their individual capacities because they are state actors who were acting within the scope of their employment. *See Howard v. Miller*, 476 S.E.2d 636, 639 (Ga. Ct. App. 1996) ("We have no equivalent to 42 U.S.C. § 1983, which gives a claim against a state officer individually for certain unconstitutional acts."). The GTCA is the "exclusive remedy for any tort committed by a state officer or employee." O.C.G.A. § 50-21-25(a). And it provides that any suit arising from injuries caused by a state employee in the performance of his or her duties must name the state entity, not the individual, as the defendant. *Id.* Claims against Defendants in their individual capacities must therefore also fail.

---

[1] Because Defendants assert the doctrine of sovereign immunity, an attack on the Court's jurisdiction, the Court may consider affidavits in support of their motion. *Goodman ex rel. Goodman v. Sipos*, 259 F.3d 1327, 1332 n.6 (11th Cir. 2001).

Dawud attempts to evade dismissal on a number of grounds. None of them have merit. First, he construes Defendants' motion as seeking dismissal of his § 1983 claims. But it is clear from Defendants' moving brief and reply brief they seek only to dismiss state-law claims. Additionally, a court's exercise of supplemental jurisdiction over state-law claims has no bearing on whether a defendant is entitled to sovereign immunity on those claims. Whether he met the pleading standards under Rule 8 is also irrelevant to the instant motion.

Finally, Dawud makes what appears to be an *Erie* argument regarding at least one provision of the GTCA. (*See* Doc. 30 at 3–4 ("The Georgia tort claims act requirement (Ante Litem Notice) is not binding upon the Federal Rules of Civil Procedure, nor did the Georgia legislation require Federal Courts adhere [sic] to such requirements.").) The Court's ruling does not turn on the GTCA's ante litem notice requirement. But to the extent Dawud levies his attack against the GTCA as a whole, however, it is sufficient to say the GTCA's provisions on sovereign immunity and suits against state officials in their individual capacities are clearly substantive because there is no federal-state conflict and the question is outcome-determinative.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED**. All of Dawud's state-law claims are **DISMISSED**. Because the Court reaches this ruling on Defendants' alternative ground, it need not consider the motion for reconsideration.

**SO ORDERED**, this  17th   day of June 2013.

/s/ W. Louis Sands  
**THE HONORABLE W. LOUIS SANDS,**  
**UNITED STATES DISTRICTCOURT**